UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                     )<br>        v.                           )<br>                                     )<br>GILBERTO ZAYAS, a/k/a Tony, ET AL,   )<br>        Defendants,                  )<br>                                     ) | CRIMINAL ACTION<br>NO. 04-1685-CBS |

ORDER OF DETENTION
June 18, 2004

**SWARTWOOD, M.J.**

I.  Background

On February 26, 2004, a Criminal Complaint was filed, charging multiple Defendants, including Gilberto Zayas, a/k/a Tony ("Mr. Zatas"), with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §846.

At Mr. Zayas' initial appearance on May 3, 2004, he was advised of his right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and the Government moved for a detention hearing in accordance with 18 U.S.C. §§3142(f)(1)(B)(the offense charged provides for a maximum penalty of life imprisonment),(f)(1)(C)(Defendants are charged with an offense for which a maximum term of imprisonment of ten years or more is

prescribed in the "Controlled Substances Act"), and (f)(2)(A)(risk of flight).

On June 1, 2004, a probable cause/detention hearing was commenced with respect to Mr. Zayas and following that hearing, the detention portion of that hearing was continued to June 17, 2004.

By Memorandum of Probable Case and Order of Detention dated June 9, 2004, I found that there was probable cause for the offense charged against Mr. Zayas in this Complaint.

On June 17, 2004, Mr. Zayas appeared for a detention hearing and at that hearing, he assented to an Order of Detention, but reserved his right to a detention hearing in the future if there were a substantial change in his circumstances.

II.  Order of Detention Pending Trial

In accordance with the foregoing memorandum,

IT IS ORDERED:

1.  That Mr. Zayas be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.  That Mr. Zayas be afforded a reasonable opportunity for private consultation with counsel; and

3.  On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Zayas is detained and confined

shall deliver Mr. Zayas to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

## RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/Charles B. Swartwood, III
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE